UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NOREEN KEENAN                                           :
                                                        :
                        Plaintiff,                      :
                                                        :      10 Civ. 4672 (HB)
          - against -                                   :
                                                        :      OPINION &
                                                        :      ORDER
MACY'S, INC.                                            :
                                                        :
                        Defendant.                      :
                                                        :
------------------------------------------------------------------------x

**Hon. Harold Baer, Jr., U.S.D.J.:**

      This motion by Plaintiff Noreen Keenan to remand to New York Supreme Court is denied. Plaintiff commenced this personal injury negligence action on January 22, 2010 by filing a Summons and Verified Complaint in the Supreme Court of New York, Bronx County.[1] The Complaint did not include an *ad damnum* clause alleging a specific amount of damages, as is appropriate under New York law. On June 15, 2010, Defendant removed this action to federal court on diversity grounds. On June 24, 2010, Plaintiff moved to remand this action to state court pursuant to 28 U.S.C. § 1447, arguing that Defendant's Notice of Removal was untimely filed.

### I. Factual Background

      On February 1, 2010, Plaintiff served a copy of the Summons and Complaint upon the New York Secretary of State, who forwarded the documents to Defendant Macy's, Inc. On March 3, 2010, Defendant filed its Verified Answer and numerous discovery demands, which included a demand for a Bill of Particulars. Backis Aff., Ex. 1. Defendant also served a Demand for Damages, requesting that Plaintiff "serve a supplemental demand for relief, setting forth the total damages to which she deems herself entitled." Backis Aff., Ex. 2. On March 22, 2010, Plaintiff filed a Verified Bill of

---

[1] Plaintiff's memorandum of law states that the "summons and complaint was [*sic*] filed on January 1, 2010," but the Complaint itself shows a filing date of January 22, 2010. *See* Horowitz Aff., Ex. 1. Indeed, the affidavit that Plaintiff's attorneys attached to the Summons and Complaint is dated January 20, 2010.

Particulars, which listed the various injuries that Plaintiff suffered as a result of Defendant's alleged negligence. Backis Aff., Ex. 3 at ¶ 9. Plaintiff also included a section on special damages, which listed the hospitals where she was treated, the medical professionals who treated her, and the medical treatments that she received. Although Defendant had requested that Plaintiff provide "the total of special damages incurred to date," nearly all the entries on Plaintiff's list of special damages were accompanied by the caveat, "$ to be provided." The only line item on the Bill of Particulars for which Plaintiff provided a specific amount of damages was "Loss of Earnings," which she estimated at $5,000. Backis Aff., Ex. 3 at ¶ 17. On May 18, 2010, Plaintiff filed a Supplemental Demand for Relief, in which she stated that she is seeking $1,000,000 in damages, plus costs and disbursements. On June 15, 2010, Defendant filed its Notice of Removal pursuant to 28 U.S.C. § 1441, alleging that this court has subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332, because Plaintiff is a citizen of New York, Defendant is a citizen of Ohio, and the amount in controversy exceeds $75,000.

## II. Discussion

Plaintiff argues that the action became removable on March 22, the day that she filed her Bill of Particulars, while Defendant asserts that the action was not removable until May 18, when Plaintiff filed a Supplemental Demand for Relief for $1,000,000.

The federal removal statute, 28 U.S.C. § 1446, states in relevant part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The statute provides that in cases where the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant…of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Here, where removal is based upon the diversity statute, "the facts required to support the removal petition include the amount in controversy." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 198 (2d Cir. 2001).

Here, the Complaint provided no information as to the amount of damages sought by Plaintiff, and neither party contends that the action could have been removed upon the

basis of the initial pleading alone.  Plaintiff argues that the gravity of the injuries listed in the Bill of Particulars should have made clear to the Defendant that Plaintiff's damages would exceed the jurisdictional requirement of $75,000.  *See* Pl. Mem. 5.  The Bill of Particulars noted that Plaintiff suffered, among other things, trauma to the head which caused a concussion, several compression fractures in her spine, disc herniation and disc bulges, lacerations to her left ear, and an injury to her left knee.  *See* Backis Aff., Ex. 3 at ¶ 9.  A medical report from Plaintiff's expert witness was filed the same day, which stated that Plaintiff had a "significant partial permanent disability."  Plaintiff asserts that on the basis of this information alone, Defendants had notice that the amount in controversy would exceed $75,000.

Plaintiff is mistaken.  The action was not removable to federal court until May 18, when Plaintiff submitted her written demand of $1,000,000.  That is the moment at which Defendant knew that the amount in controversy was sufficient to meet the jurisdictional requirement of 28 U.S.C. § 1332.  When a federal court examines the propriety of a removal, it must evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal."  *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2003).  Furthermore, there is no requirement that a defendant risk remand by removing an action where the amount in controversy has not been clearly established.  *Moltner v. Starbucks Coffee Company*, 08 Civ. 9257 (LAP), 2009 WL 510879 at *1 (Feb. 27, 2009) ("Where a complaint alleges no amount in controversy, a defendant need not guess as to whether the Plaintiff's claim reaches the $75,000 threshold for 28 U.S.C. § 1332 diversity jurisdiction purposes, and may wait to file a notice of removal until Plaintiff provides specific information about the amount in controversy.").  Had Defendant removed this action in March, following Plaintiff's filing of the Bill of Particulars, it would not have been able to supply "the facts required to support the removal petition," and would have risked summary remand.  *See Whitaker* 261 F.3d 196 at 198.  Defendant removed this action to federal court on June 15, 2010, within 30 days of the day upon which it became removable.  Thus, Defendant's removal was timely.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to remand is denied. The Clerk of Court is directed to close this motion (No. 4) and remove it from my docket.

**IT IS SO ORDERED.**
**New York, New York**
**Aug 9, 2010**

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.